PRIVATE PROCESS

**Case Number: 2022CI13289**

Bessie Flynn VS Costco Wholesale Corporation
d/b/a Costco Wholesale
(Note: Attached Document May Contain Additional
Litigants)

IN THE **166TH DISTRICT COURT**

BEXAR COUNTY, TEXAS

<u>CITATION</u>

"THE STATE OF TEXAS"

Directed To:    **Costco Wholesale Corporation d/b/a Costco Wholesale**
                **By serving its registered agent CT Corporation System**

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of twenty days after you were served this CITATION and PETITION a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org" Said **Original Petition And Initial Disclosures** was filed **on this the 15th day of July, 2022.**

ISSUED UNDER MY HAND AND SEAL OF SAID COURT **on this the 18th day of July, 2022.**

**JORGE A HERRERA**
**ATTORNEY FOR PLAINTIFF**
**1800 WEST COMMERCE ST**
**SAN ANTONIO TX 78207-2278**



**Mary Angie Garcia**
**Bexar County District Clerk**
**101 W. Nueva, Suite 217**

**San Antonio, Texas 78205**
**By: /s/ Diego Martinez**
**Diego Martinez, Deputy**

---

BESSIE FLYNN VS COSTCO WHOLESALE CORPORATION
D/B/A COSTCO WHOLESALE

Case Number: 2022CI13289

166th District Court

**Officer's Return**

I received this CITATION on the _____ day of _____, 20_____ at _____ o'clock ___M. and ( ) executed it by delivering a copy of the CITATION with attached **ORIGINAL PETITION AND INITIAL DISCLOSURES** the date of delivery endorsed on it to the defendant _____ in person on the _____ day of _____, 20____ at _____ o'clock ____ M.

at _____ City_____ State_____ Zip_____

or ( ) not executed because _____.

Fees: _____ Badge/PPS #: _____ Date certification expires: _____

_____ County, Texas
                                                        BY:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
**NOTARY PUBLIC, STATE OF TEXAS**

OR: My name is _____, my date of birth is _____, and my address is _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of _____, A.D., _____.

_____
**Declarant**

FILED
7/15/2022 3:21 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Elvira Enriquez

CIT PPS

CAUSE NO. 2022CI13289

| | | |
|---|---|---|
| **BESSIE FLYNN,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | Bexar County - 166th District Court |
| **V.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **COSTCO WHOLESALE** | § | |
| **CORPORATION D/B/A COSTCO** | § | |
| **WHOLESALE,** | § | |
| | § | |
| **Defendant.** | § | **BEXAR COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION AND INITIAL DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes **BESSIE FLYNN** (hereinafter referred to as Plaintiff) complaining of **COSTCO WHOLESALE CORPORATION D/B/A COSTCO WHOLESALE** (hereinafter referred to as Defendant), for such cause of action, would respectfully show unto the court as follows:

## I.   DISCOVERY CONTROL PLAN

1.1     Plaintiff pleads that discovery should be conducted in accordance with a discovery control plan under Rule 190.4 (Level 3) of the Texas Rules of Civil Procedure.

## II.   PARTIES

2.1     Plaintiff, **BESSIE FLYNN**, is a resident of Bexar County, Texas.

2.2     Defendant, **COSTCO WHOLESALE CORPORATION D/B/A COSTCO WHOLESALE**, is a foreign corporation organized and existing under the laws of the State of Washington, authorized to and doing business in Texas. Service is requested pursuant to TEX. R. CIV. P. 103 and 106(a)(2) permitting the clerk of the court to serve Defendant by private process

1

or by registered or certified mail return receipt requested, a true and correct copy of the citation with service of process. Service may be had on Defendant's registered agent for service:

**CT Corporation System**
**1999 Bryan St., Ste. 900**
**Dallas, TX 75201-3136**

### III.   VENUE

3.1     Venue of this lawsuit is proper in Bexar County pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 15.002 (General Rule), as all or a substantial part of the events or omissions giving rise to this cause of action occurred in Bexar County, Texas.

### IV.   JURISDICTION

4.1     Jurisdiction is appropriate in the Judicial District Court of Bexar County, Texas, in that this is a lawsuit seeking damages in excess of the minimum jurisdictional limits of the district courts in the State of Texas.

4.2     Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff in good faith pleads that the value of this case at this time is substantially over two hundred thousand dollars ($200,000.00) but not more than one million dollars ($1,000,000.00).

### V.   ALTER-EGO/MISNOMER

5.1     In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, the Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice. In the event that the true parties are misidentified, Plaintiff hereby asserts reliance upon the doctrine of misidentification.

### VI.   FACTS

6.1     At all times material to this cause of action, Defendants were the owners and operators with exclusive control over the Costco located at 5611 UTSA Blvd., San Antonio, Texas (the "Premises" or "Costco").

6.2     On or about July 31, 2020, Plaintiff **BESSIE FLYNN**, was an invitee of **COSTCO** at the Premises, and while shopping at the Premises, she slipped and fell on some blueberries on the floor. She then fell and impacted the floor causing her to suffer severe injuries. Plaintiff continues to suffer as a result of Defendant's negligence.

6.3     While walking on Defendant's premises, Plaintiff suffered serious bodily injuries as a direct result of a fall, proximately caused by the dangerous conditions, which Defendant, its agents, servants, and employees knew, or in the exercise of ordinary care, should have known, existed. Specifically, Plaintiff was exiting COSTCO WHOLESALE CORPORATION D/B/A COSTCO WHOLESALE when she unexpectedly and without warning, slipped and fell and sustained the serious injuries and damages described below. Defendant, its agents, servants, and employees negligently or willfully permitted such condition to exist, and negligently or willfully failed to warn Plaintiff of the condition of the floor/surface, despite the fact that Defendant, its agents, servants and employees knew, or in the exercise of ordinary care, should have known of the existence of the condition and that there was a likelihood of someone being injured as happened to the Plaintiff. Plaintiff further alleges that the wet floor had continued for such period of time that it would have been noticed and corrected if Defendant, its agents, servants, and employees had exercised ordinary care in the maintenance of the premises.

6.4     At all times material and relevant to this lawsuit, Plaintiff **BESSIE FLYNN** was a customer of Defendant, **COSTCO**. Accordingly, at all times material and relevant to this lawsuit, Defendant was under a duty to exercise reasonable care for the safety of Plaintiff and

others similarly situated.

## VII.    CAUSES OF ACTION
## NEGLIGENCE

7.1     At the time of said occurrence, Defendant negligently disregarded the safety of customers that frequent the store. The Defendant failed to provide any warnings of any cautionary signs or any other form of warning leaving a substance on the floor causing Plaintiff to slip and fall.

7.2     Defendant owed a duty to use ordinary care, including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises or to warn of their existence.

7.3     At the time of said occurrence, Defendant and its agents, servants, and employees created a dangerous condition, which proximately caused the injuries to Plaintiff. Said Defendant failed to maintain a safe place for Plaintiff to walk, failed to enforce safety regulations and failed to warn of the dangerous conditions existing on said Premises of which they had actual and/or contractual control.

7.4     Defendant, owed a duty to Plaintiff to ensure, maintain, properly place, supervise, and inspect the materials, and procedures used by their employees. Said Defendant owed a duty to Plaintiff to adequately ensure, maintain, and properly clean substances and/or to place warnings at the Premises. Said Defendant negligently failed to ensure, maintain, properly place warnings at the Premises, and failed to properly supervise and inspect the individuals, equipment, materials, and procedures used by their employees. The Defendant knowingly and willingly left the Premises in an unreasonably dangerous and unsafe condition and without any form of warning, leaving the public and Plaintiff exposed to an unreasonably dangerous condition. As a direct and proximate result, Plaintiff suffered damages as specified herein, for which Plaintiff now sues.

7.5     The Defendant had a duty to use reasonable care to keep the premises under their

contractual and actual control in a safe condition.

7.6     The Defendant exercised and/or retained actual control over the Premises, individuals, and construction Premises.

7.7     On the occasion in question, Plaintiff, a customer of COSTCO WHOLESALE CORPORATION D/B/A COSTCO WHOLESALE, was a business invitee. Defendant and its agents, servants and employees, who at all times acting in the course and scope of their employment, were guilty of negligence toward the Plaintiff in the following respects:

    a. In failing to inspect the premises in order to discover the dangerous condition;

    b. In failing to maintain the floor in a reasonably safe condition; and

    c. In failing to warn Plaintiff of the dangerous condition of the floor.

7.8     Plaintiff alleges that each and every one of the aforesaid careless and negligent acts and/or omissions on the part of this Defendant constitutes negligence which was and is the proximate cause and producing cause of the injuries and damages sustained by Plaintiff.

### In the Alternative, PREMISES LIABILITY

7.9     Upon information and belief, Defendant's agents or employees caused the liquid, fruit or other similar item, a hazardous condition, to be on the floor. Alternatively, Defendant failed to use reasonable care to protect its customers from the known and unusually high risks accompanying customer usage of walkways by failing to monitor the highly trafficked area where Plaintiff fell and failing to remove the hazardous condition.

7.10    Plaintiff was an invitee at the time of injury. Defendant, as owners and operators of the premises, owed Plaintiff a duty to inspect the premises and maintain them in a reasonably safe condition. At the time Plaintiff was injured, the premises posed an unreasonable risk of harm to Plaintiff and others. Defendant knew or should have known of this condition for the following

reasons:

- Defendant's agents or employees cleaned up some but not all of the berries, or other similar items that constituted a hazardous condition;
- Defendant's agents or employees failed to properly clean up the berries, or other similar items that constituted a hazardous condition;
- Defendant's agents or employees failed to inspect the floor after cleaning up the berries, or other similar items that constituted a hazardous condition, to ensure that the hazardous condition was adequately removed;
- Defendant's agents or employees spilled the liquid, or other similar items that constituted a hazardous condition;
- Defendant's' agents or employees were on the premises at the time of Plaintiff's injury;
- Defendant's agents or employees failed to perform adequate floor checks of the area in question;
- Defendant's agents or employees did not guard or otherwise warn Plaintiff of the location of the hazardous material;
- Defendant's agents or employees were aware of the design of the store, and the fact that the area in question was well trafficked, yet lacked adequate non-slip flooring;
- Defendant's agent or employees caused the hazardous condition to be on the floor.

7.11    Additionally, a proximate cause of the fall was Defendant's failure to use reasonable care to protect its customers from the known and unusually high risks accompanying customer usage of walkways.

## VIII.    **DAMAGES**

8.1    Plaintiff, **BESSIE FLYNN**, is entitled to the following legal damages as a result of the conduct of the Defendants:

- A.    Medical, hospital, pharmaceutical expenses in the past;
- B.    Medical, hospital, pharmaceutical expenses that, in reasonable probability she will incur in the future;
- C.    Physical pain and suffering in the past;
- D.    Physical pain and suffering that, in reasonable probability, she will suffer in the future;
- E.    Mental anguish in the past;
- F.    Mental anguish that, in reasonable probability, she will suffer in the future;
- G.    Disfigurement in the past;
- H.    Disfigurement that, in reasonable probability, she will suffer in the future;
- I.    Physical impairment in the past;
- J.    Physical impairment that, in reasonable probability, she will suffer in the future;
- K.    Loss of enjoyment of life in the past;

L.   Loss of enjoyment of life that, in reasonable probability, she will be suffered in the future;

## IX.   PRE-EXISTING CONDITION

9.1   Pleading further, if it be shown that Plaintiff suffered from some pre-existing injury, disease and/or condition at the time of the incident made the basis of this lawsuit, that such injury, disease and/or condition was aggravated and/or exacerbated by the negligence of the Defendant.

## X.   JURY DEMAND

10.1   Plaintiff respectfully requests a trial by jury.

## XI.   PREJUDGMENT & POSTJUDGMENT INTEREST

11.1   Plaintiff is entitled to recovery of pre-judgment and post-judgment interest.

## XII.   INITIAL DISCLOSURES

12.1   Pursuant to Rule 194 of the Texas Rules of Civil Procedure, all parties named herein as Defendant that have not previously produced the material required to be disclosed under the Texas Rules of Civil Procedure are to disclose, at or within 30 days after the filing of the original answer, the information and material described in the Texas Rules of Civil Procedure 194.2.

## XIII.   DESIGNATED E-SERVICE EMAIL ADDRESS

13.1   The following is the undersigned attorney's designate e-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a to: attorney - jherrera@herreralaw.com; paralegal JoLynn Salazar - jsalazar@herreralaw.com, and legal assistant Irma Martinez – imartinez@herreralaw.com. This is the undersigned's only e-Service email address, and service through any other email address will be considered invalid.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited

to appear and answer herein; that upon a final trial by jury, that a Judgment be rendered for

Plaintiff and against the Defendant for actual damages in an amount the jury deems reasonable,

which is in excess of the minimum jurisdictional limits of the Court, along with costs of court,

and both past and pre-judgment interest as allowed by law, and for such other and further relief

to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE HERRERA LAW FIRM, INC.**
1800 W. Commerce Street
San Antonio, Texas 78207
Telephone:     (210) 224-1054
Facsimile:     (210) 228-0887

BY:     _____/s/ - JORGE A. HERRERA_____
JORGE A. HERRERA
State Bar No. 24044242
Email: jherrera@herreralaw.com

8

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sylvia Galvan on behalf of Jorge Herrera
Bar No. 24044242
sgalvan@herreralaw.com
Envelope ID: 66374536
Status as of 7/18/2022 8:00 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| JoLynn Salazar | | jsalazar@herreralaw.com | 7/15/2022 3:21:49 PM | SENT |
| Irma Martinez | | imartinez@herreralaw.com | 7/15/2022 3:21:49 PM | SENT |
| Jorge Herrera | | jherrera@herreralaw.com | 7/15/2022 3:21:49 PM | SENT |
| Sylvia Galvan | | sgalvan@herreralaw.com | 7/15/2022 3:21:49 PM | SENT |
| Khloe Garza | | kgarza@herreralaw.com | 7/15/2022 3:21:49 PM | SENT |